Rockingham
No. 98-130

FAITH R. BURSEY

v.

ARTHUR H. BURSEY

October 5, 2000

*Dorothy F. Silver*, of Manchester, by brief and orally, for the plaintiff.

*Law Office of Paul J. Haley*, of Hillsboro (*Paul J. Haley* on the brief and orally), for the defendant.

DALIANIS, J. The defendant, Arthur H. Bursey, appeals from a divorce decree issued by the Superior Court (*Gray*, J.). We affirm.

The plaintiff, Faith R. Bursey, filed a libel for divorce in 1991. During the course of the divorce litigation, the plaintiff brought three fraudulent conveyance actions against the defendant, which were consolidated with the marital action. In June 1997, the court entered a conditional default judgment against the defendant for his failure to answer interrogatories in accordance with Superior Court Rule 36. The defendant was given ten days after receipt of the notice of the conditional default judgment to answer the interrogatories, but he failed to do so. The court granted the plaintiff's motion for a default judgment in October 1997. The plaintiff then filed a motion to schedule an uncontested divorce hearing. The defendant did not object, and the court granted the motion. The court scheduled a fifteen minute default hearing for January 1998.

At the hearing, the plaintiff presented a proposed final decree, her financial affidavit, and an affidavit of impossibility about obtaining a financial affidavit from the defendant pursuant to Superior Court Rule 158. The court issued a final decree, granting the plaintiff's libel for divorce based upon irreconcilable differences and making a final distribution of the parties' assets. Although the defendant asserts that he appeared at court in time for the default hearing, the

plaintiff disputes that assertion and, in any event, shortly after he arrived, he was informed that the hearing had already taken place. He submitted a proposed divorce decree to the clerk, and later moved for reconsideration of the decree, which the court denied.

The defendant argues that the trial court abused its discretion by issuing a divorce decree which provided for an unequal distribution of property and awarded attorney's fees to the plaintiff without holding a hearing and making findings of fact or rulings of law pursuant to RSA 491:15 (1997) and RSA 458:16-a (1992). The defendant further argues that the trial court abused its discretion by ordering him to transfer property to which he no longer holds title without affording him an evidentiary hearing.

"In matters of property settlement and divorce, we allocate broad discretion to the trial court and will set aside its determinations of property division only where the appealing party can demonstrate a clear abuse of discretion." *McAlpin v. McAlpin*, 129 N.H. 737, 740, 532 A.2d 1377, 1378 (1987) (citation omitted).

A default judgment was entered against the defendant in this case. Previously, we have recognized that "[i]n equity proceedings such as divorce, actions that would constitute a default at law technically result in a judgment *pro confesso* in equity." *Douglas v. Douglas*, 143 N.H. 419, 426, 728 A.2d 215, 220 (1990) (citation omitted). A judgment *pro confesso* is neither a verdict nor a judgment. *Id.* It is merely an interlocutory order that "results in the admission of all material and well-pleaded allegations of fact" and "forms the basis for the later entry of judgment upon proof of right and amount." *Id.* In *Douglas*, the defendant was defaulted for her failure to attend trial after proper notice. *Id.* at 421, 728 A.2d at 217. We held that the default judgment resulted in admission of the well-pleaded facts alleged in the libel, but that the defendant in *Douglas* was still entitled to a hearing on the proper disposition of the marital assets. *Id.* at 426, 728 A.2d at 220.

The present case, however, is distinguishable from *Douglas*. In *Douglas*, the defendant's failure to appear at the trial resulted in a simultaneous default and final disposition of the marital assets. *Id.* at 421-22, 728 A.2d at 217. In this case, there was no simultaneity; a separate hearing was scheduled to which the defendant did not object. What's more, the defendant's default was not for failure to attend a hearing but for failure to answer interrogatories. The defendant concedes that, although not presented to us as part of the record, the interrogatories were "concerning his financial condition." The defendant now argues he is entitled to a hearing where he

can present the very information for which his previous refusal to provide resulted in his default. We disagree.

 "[T]he purpose of interrogatories is to narrow the issues of the litigation and prevent unfair surprise by making evidence available in time for both parties to evaluate it and adequately prepare for trial." *Kearsarge Computer, Inc. v. Acme Staple Co.*, 116 N.H. 705, 707, 366 A.2d 467, 469 (1976) (citations omitted). In order to prevent unfair surprise, a party may be precluded from presenting evidence that he fails to disclose during discovery. *See id.* at 706-08, 366 A.2d at 469-70. If the defendant in this case were allowed to present evidence regarding his financial condition for the first time at the final hearing, it would have resulted in unfair surprise to the plaintiff. We therefore hold that the trial court did not abuse its discretion when it granted the divorce decree without hearing evidence concerning the defendant's financial situation where the defendant previously failed to answer interrogatories about that very subject.

The defendant next argues that the trial court abused its discretion by distributing the marital property unequally without making specific findings of fact and rulings of law. We have previously stated that a trial court may order an unequal distribution of marital property in the interest of equity, but if "the court concludes that an unequal distribution of property is warranted, it should state its reasons and make specific findings and rulings supporting its decision." *McAlpin*, 129 N.H. at 740, 532 A.2d at 1379; *see* RSA 458:16-a.

 While the trial court erred when it failed to make the requisite findings and rulings, we deem the error harmless. *See Red Hill Outing Club v. Hammond*, 143 N.H. 284, 288-89, 722 A.2d 501, 506 (1998). During oral argument, defense counsel conceded that had the defendant been allowed to participate in the hearing, he would not have disputed the reasons for the divorce or "that all marital assets, whatever marital assets, should go to the plaintiff." Defense counsel also said, "Whatever assets [there are] are hers." We see no reason to remand to the trial court to explain why the distribution was unequal when the defendant has conceded that the distribution is fair.

 We now turn to the defendant's argument that the trial court abused its discretion by ordering him to perform tasks which are impossible to perform. The defendant asserts that the divorce decree requires him to transfer to the plaintiff property on which

there has been foreclosure, dissipation, and bankruptcy, and to which he no longer holds title. The defendant claims that he is in immediate danger of being held in contempt for failure to comply with the court's order because of his inability to transfer the property. The inability to comply with a court order is a defense to a civil or criminal contempt proceeding. *See State v. Wallace*, 136 N.H. 267, 271, 615 A.2d 1243, 1245 (1992). The defendant's assertions about not owning the property would therefore be relevant in a contempt proceeding. They do not demonstrate, however, that the trial court abused its discretion in this divorce proceeding where the defendant failed, during the discovery process, to provide the court with information about the property in question.

■ We need not address the defendant's argument that the superior court erred in awarding attorney's fees to the plaintiff because of his failure to preserve this issue for appeal; he did not mention it in either his motion for reconsideration or his notice of appeal. *See In re Estate of Cass*, 143 N.H. 57, 63, 719 A.2d 595, 600 (1998).

■ Finally, the defendant argues that the trial court erred with regard to two orders issued on February 5, 1998, in the fraudulent conveyance actions. Both of those orders, however, were vacated by the superior court on March 3, 1999. The defendant's issues regarding the vacated orders are moot and we need not address them. *See Hodgins v. Hodgins*, 126 N.H. 711, 714, 497 A.2d 1187, 1189 (1985) (superseded on other grounds by RSA 458:16-a, I (1992)). In response to the defendant's inclusion of the vacated orders in his brief, the plaintiff moved to strike evidence and for sanctions. To the extent that our holding here does not satisfy the plaintiff's motion, her motion is denied.

*Affirmed.*

BROCK, C.J., sat for oral argument but did not take part in the final vote; JOHNSON, J., sat for oral argument but retired prior to the final vote; THAYER, J., sat for oral argument but resigned prior to the final vote; HORTON, BRODERICK, and NADEAU, JJ., concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.