Portsmouth Family Division
No. 98-329

IN THE MATTER OF MARILYN M. JONES AND WAYNE J. JONES

March 13, 2001

*Glen E. Graper, P.A.*, of Portsmouth (*Glen E. Graper* on the brief and orally), for the plaintiff.

*Woods & Rondeau, P.A.*, of Exeter (*Sharon J. Rondeau* and *Stephen J. C. Woods* on the brief, and *Mr. Woods* orally), for the defendant.

BROCK, C.J. The plaintiff, Marilyn M. Jones, filed a petition for divorce against the defendant, Wayne J. Jones. On appeal, the defendant challenges several rulings contained in the order of the Trial Court (*Reardon*, J.) granting the divorce and distributing the marital assets. The defendant also challenges an earlier order of the trial court committing him to the Rockingham County House of Correction for failure to pay the alimony established in the temporary order. We affirm.

The parties were married in 1973. A child was born in 1974; he had reached the age of majority when this action was filed in 1996.

After a hearing in November 1996, the court issued a temporary decree requiring the defendant to pay temporary support. The defendant contended that he was unable to comply. In the following months, the court held at least three hearings to address the defendant's failure to pay the required support and found him in contempt on three occasions. After a hearing on May 6, 1997, the court issued an order advising the defendant that he would face incarceration if he did not become current in his support payments. A subsequent hearing on May 27, 1997, resulted in an order committing the defendant to the Rockingham County House of Correction until he paid the arrearage. The defendant was released that same day when he provided the overdue support payments.

The discovery process was similarly protracted. The parties were originally ordered to complete discovery by March 15, 1997. After a subsequent pretrial conference held on December 30, 1997, the court issued an order setting deadlines for the exchange of information and advising the parties that failure to exchange expert reports fourteen days prior to trial would "result in the inadmiss[i]bility of said evidence, either by oral testimony or written report." Another hearing followed on January 27, 1998, after which the court issued an order extending the deadline by which the defendant was to

provide discovery to February 6, 1998. The court noted that the defendant had previously informed the court that he was able to comply with the earlier deadline and further provided, "If the husband fails to comply with said order and provide discovery by 2/6/98, he shall be defaulted and the wife may proceed to final divorce proceedings on a defaulted, uncontested basis." At the final hearing on this matter, the court found that the defendant had failed to comply with this discovery order and allowed the trial to proceed after defaulting him.

On appeal, the defendant contends that the trial court erred in: (1) incarcerating him for nonpayment of support without a full evidentiary hearing addressing his ability to pay; (2) defaulting him at the final hearing; (3) ordering him to pay alimony in an amount exceeding the plaintiff's request and allegedly equivalent to his entire disposable income; and (4) distributing the marital assets.

*I. Incarceration for Nonpayment of Support*

In his brief, the defendant concedes that this issue is "essentially moot" as he was released on the day of incarceration after paying the ordered amount. He contends, however, that this issue is capable of repetition but may continue to evade our review.

■ Our determination of whether a question is moot "is not subject to hard-and-fast rules." *Appeal of Hinsdale Fed. of Teachers*, 133 N.H. 272, 276 (1990) (quotation omitted). While we agree that this issue may come before us again, we are not persuaded that it will necessarily evade our review; we therefore decline to consider it further at this time. *See Soares v. Town of Atkinson*, 129 N.H. 313, 316 (1987).

*II. Default*

The defendant contends that the trial court abused its discretion in defaulting him and proceeding with an uncontested final hearing. Absent an abuse of discretion or error of law, we will not reverse a default ruling. *See Douglas v. Douglas*, 143 N.H. 419, 422 (1999). The imposition of discovery sanctions is subject to the same standard of review. *See Cole v. Hobson*, 143 N.H. 14, 15-16 (1998).

The trial court issued at least three separate orders requiring the defendant to provide discovery to the plaintiff. In its order setting a third date for compliance, the trial court not only noted that the defendant had informed the court that he was able to comply with the earlier deadline, but also advised him that if he did not provide discovery by the proposed date he would be defaulted and the

plaintiff allowed to proceed to the final divorce hearing on a defaulted, uncontested basis. The defendant therefore received sufficient notice that his noncompliance with the court's order could result in his default.

The defendant contends that because he produced all of the discovery "reasonably required of him in a timely fashion," he should not have been defaulted. The record reflects, however, that not only did the defendant not object to the scope of the trial court's discovery order or the proposed sanction, but that he had in fact indicated that he could comply with it.

Moreover, the provision of the discovery order at issue addressed one of the most significant issues of the litigation, the value of the defendant's business. While the defendant contends that his business did not maintain a ledger but that he complied with the court's final discovery order by providing copies of cancelled checks in lieu of check registers, we disagree. The court's December 30, 1997 order specifically required that the defendant provide to his accountant all documents necessary to prepare his 1996 tax returns, both business and personal. The order further required that the defendant "be certain his returns are prepared within 30 days and produce same for his wife." That deadline was subsequently extended to February 6, 1998. Nevertheless, the information which the defendant provided concerning his 1995 and 1996 tax returns was accompanied by a February 27, 1998 cover letter from his accountant specifically noting that they were pro forma and "not ready for filing with the Internal Revenue Service." The letter further advised, "At this time, because of the time restraints that we are faced with, we will not be able to respond to questions that may arise concerning these tax returns." Even assuming this information partially satisfied the court's order, it was both untimely and of little use to the plaintiff in determining the value of the marital business. Accordingly, we find no merit in the defendant's assertion that his partial compliance should have insulated him from default.

■ ■ While the defendant also asserts that the trial court should have imposed a lesser sanction, we disagree. Sanctions are appropriate to deter litigants from disregarding discovery requests. *See Daigle v. City of Portsmouth*, 131 N.H. 319, 326 (1988). The defendant's failure to provide the plaintiff in a timely fashion with complete information that bore directly on the valuation of the marital business prevented the plaintiff from adequately preparing for trial. Given the defendant's repeated noncompliance with court orders and the extended discovery schedule previously established

by the court, we conclude that the trial court did not abuse its discretion in defaulting the defendant.

### III. Award of Alimony and Distribution of Marital Assets

The defendant contends that the trial court abused its discretion in awarding alimony in an amount which exceeded the plaintiff's request and, after assigning an inflated value to a portion of the marital assets, by ordering an inequitable division of the total marital estate.

In a divorce action, the trial court has broad discretion in determining an equitable distribution of the marital estate. *See Rothbart v. Rothbart,* 141 N.H. 71, 74 (1996). "Absent an abuse of discretion, we will not overturn the decision of the trial court in matters involving alimony and property distribution." *Id.*

RSA 458:19 (Supp. 2000) addresses the issue of alimony and directs the trial court to consider property awarded under the property settlement portion of the decree in determining the need for alimony. In this case, the trial court awarded the business interests of the parties to the defendant. In doing so, the court recognized that the plaintiff "would be entitled to one-half (½) the value of the business and this has been taken into consideration in the distribution of other property and the alimony award." The marital business provided the major source of income for the parties' standard of living. Because the plaintiff did not receive one half of that income-producing business, the court was justified in awarding an increased amount of alimony to her.

The defendant also contests the trial court's allocation of the marital property, focusing particularly upon the allocation of the parties' real estate holdings. The trial court awarded the marital home and two mobile homes to the plaintiff and a duplex to the defendant. In making this award, the trial court recognized the length of the marriage and the much greater ability of the husband to earn income in the future. The trial court also reiterated that the husband was awarded all of the marital business and that one of the mobile homes and the land on which both were located had been owned by the wife prior to the parties' marriage. We find no error in this distribution.

The defendant contends that the court had no evidence upon which to value the marital business. We disagree. "[T]he defendant cannot be heard to argue that the disposition was unequal when the defendant has effectively prevented the trial court from being able to determine whether the disposition was in fact equal or not."

*DeMauro v. DeMauro*, 142 N.H. 879, 889 (1998) (brackets and ellipsis omitted). Moreover, while the trial court might have had more accurate information had the defendant complied with its order, the record was not entirely devoid of evidence on this issue. The record included tax returns, some in completed form, and evidence concerning the standard of living of the parties and the assets they had accumulated during their marriage.

██ ██ A trial court may determine that equity requires an unequal distribution of marital property. *See Bursey v. Bursey*, 145 N.H. 283, 286 (2000). The trial court's efforts to avoid future conflicts between the parties by eliminating joint ownership of the marital business and awarding it to the defendant, *see McAlpin v. McAlpin*, 129 N.H. 737, 742 (1987), justified the award of greater shares of other portions of the marital estate to the plaintiff. The trial court made specific findings supported by the record in each of the provisions of the divorce decree now contested by the defendant. Accordingly, we find no abuse of discretion in its award of alimony and marital property.

Issues raised in the defendant's notice of appeal but not addressed in his brief are waived. *See State v. Dorval*, 144 N.H. 455, 458 (1999).

*Affirmed.*

THAYER, J., sat for oral argument but resigned prior to the final vote; BRODERICK, NADEAU and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.