Merrimack
No. 2006-905

DEAN LEBARON AND MARILYN PITCHFORD, TRUSTEES OF THE DEAN
LEBARON TRUST—1998

v.

JOAN M. WIGHT

BARBARA OLDMAN

v.

JOAN M. WIGHT

Argued: October 17, 2007
Opinion Issued: December 20, 2007

*Sulloway & Hollis, P.L.L.C.*, of Concord (*Derek D. Lick* on the brief and orally), for the petitioners.

*Ransmeier & Spellman, P.C.*, of Concord (*Timothy E. Britain* and *John T. Alexander* on the brief, and *Mr. Alexander* orally), for the respondent.

HICKS, J. The respondent, Joan M. Wight, appeals an order of the Superior Court (*McHugh*, J.) denying her motion to dismiss and finding that the petitioners, Dean LeBaron and Marilyn Pitchford, Trustees of the Dean LeBaron Trust—1998, and Barbara Oldman, maintain a right of first refusal to the respondent's property. We reverse.

The record supports the following facts. In 1961, Barbara Cummer Paul conveyed seven numbered lots by separate warranty deeds (1961 deeds) to petitioner Barbara Oldman. The lots are located within the Grace Hill Development complex along Lake Sunapee in Newbury. Each deed also conveyed a one-seventh interest in an access lot, which provided access to the lake.

Each deed contained the following language: "conveyance of the lot hereinabove described is ... subject to the following covenants,

restrictions and reservations, which shall be held to run with and bind the land hereby conveyed and all subsequent owners and occupants thereof for a period of fifty (50) years from July, 1956." The only covenant at issue concerns the right of first refusal contained in the 1961 deeds, which provides:

> The land hereby conveyed shall not be sold or transferred to anyone other than the grantee's spouse, lineal descendants, or spouses of lineal descendants without giving at least thirty (30) days written notice to the grantor or her assign or to the owners of the lot or lots next adjoining the lot hereby conveyed, the said notice containing the price and the terms of the proposed sale and giving the grantor or her assign or the adjoining owner or owners the first opportunity to buy, at the same price and on the same terms . . . .

In 1971, Oldman conveyed the seven lots by a single warranty deed (1971 deed) to Oliver and Elizabeth Wight, the respondent's predecessors in interest. The 1971 deed provides, in pertinent part:

> Notwithstanding the foregoing reference to seven individual numbered lots, it is understood and agreed, and the same is made a covenant running with and binding the premises and the grantees and their heirs and assigns for a period of fifty (50) years from the date hereof, that the premises herein conveyed shall be deemed to be and held as a single entity as if, in the original subdivision of land belonging to Barbara Cummer Paul as shown on said Plan, the land embraced within said seven individual numbered lots had been established and constituted as a single lot; and said single lot, as so deemed and held, shall be and is subject to the covenants, restrictions and reservations contained in said several deeds of Barbara Cummer Paul. Without limiting the generality of the foregoing, it is expressly provided that no more than one single-family residence shall be constructed on said entire premises.

By letter dated August 31, 2006, the respondent informed the petitioners that she had entered into a purchase and sale agreement with a third party for the above land at a price of two million dollars. Attached to the letter were a notice of sale and right of first refusal, a waiver and release form and the unsigned purchase and sale agreement with the buyer's name redacted. The petitioners had until October 5, 2006, to exercise their right of first refusal.

Before the October 5 deadline, the petitioners filed suit against the respondent, requesting a declaration from the court that they maintain a right of first refusal entitling them to more information concerning the sale, and seeking to enjoin the sale. The respondent filed a motion to dismiss alleging, among other things, that the right of first refusal had expired in July 2006. In an order dated October 17, 2006, the court denied the respondent's motion to dismiss, finding that the 1971 deed extended the right of first refusal for fifty years commencing in 1971. On November 30, 2006, the third party buyer withdrew from the transaction. This appeal followed.

"In reviewing the trial court's ruling on a motion to dismiss, we determine whether the facts as alleged establish a basis for legal relief." *Donnelly v. Eastman*, 149 N.H. 631, 632 (2003) (quotation omitted).

## I. Mootness

We first address whether this appeal is moot, given that at the time of this appeal, there is no third party offer to purchase the property and the petitioners therefore cannot exercise any right of first refusal. *See Roy v. George W. Greene, Inc.*, 533 N.E.2d 1323, 1325 (Mass. 1989) ("[U]nless the context of the agreement dictates otherwise, the term 'right of first refusal' . . . refer[s] to a right that arises only after the owner has received an enforceable offer to buy.").

> The doctrine of mootness is designed to avoid deciding issues that have become academic or dead. However, the question of mootness is not subject to rigid rules, but is regarded as one of convenience and discretion. A decision upon the merits may be justified where there is a pressing public interest involved, or future litigation may be avoided.

*Sullivan v. Town of Hampton Bd. of Selectmen*, 153 N.H. 690, 692 (2006) (quotation and citations omitted). The issue in this appeal is whether the petitioners hold an enforceable right of first refusal. As the respondent notes in her brief, this issue is likely to arise in future litigation if the respondent enters into another purchase and sale agreement with a third party buyer. We believe, therefore, that an exception to the doctrine of mootness is justified in this case.

## II. Right of First Refusal

"[T]he proper interpretation of a contract, such as a deed, is a question of law for this court." *Baker v. McCarthy*, 122 N.H. 171, 174-75 (1982); *see Petition of Rattee*, 145 N.H. 341, 345 (2000). "If the language of the deed is clear and unambiguous, we will interpret the intended meaning from the

deed itself without resort to extrinsic evidence." *Rattee*, 145 N.H. at 345 (quotation omitted). Where there is "no ambiguity in the terms used by the parties, [we] will review whether, as a matter of law, the interpretation of the trial court is consonant with the intentions of the parties as expressed in the words they used in formulating their contract." *Baker*, 122 N.H. at 175.

The parties do not dispute that the 1961 deeds created a right of first refusal for the grantor, her assign, and abutters. This restriction, as laid out in the 1961 deeds, expired "fifty (50) years from July, 1956." The petitioners allege, however, that the 1971 deed incorporated by reference the right of first refusal mentioned in the 1961 deeds and extended it "for a period of fifty (50) years from [1971]" to 2021.

 The language in the 1971 deed is unambiguous. There is no need, therefore, to resort to extrinsic evidence. *See Rattee*, 145 N.H. at 345. The fifty-year period applies only to the covenant that the seven individual lots and the access lot shall be "held as a single entity" and treated as "a single lot." A semicolon concludes this provision, followed by a provision which states that this new "single" lot "is subject to the covenants, restrictions and reservations" contained in the 1961 deeds. There is no language creating a new fifty-year period applicable to those "covenants, restrictions and reservations." *Cf. North Bay Council, Inc. v. Bruckner*, 131 N.H. 538, 545-46 (1989) (noting reasonableness of reading ten-year restriction on use of land in first clause of deed as not applicable to fourth clause containing right of first refusal, where clauses were separated by semicolons). Had the drafters intended, at the time the deed was created, to apply a new fifty-year period to the right of first refusal contained in the 1961 deeds, language could have been included to specifically create a new fifty-year period applicable to this provision. *Cf. Baker*, 122 N.H. at 176 (relying, in part, on the absence of language in interpreting right of first refusal in deed). We hold, therefore, that the right of first refusal expired on July 31, 2006.

The trial court and the petitioners note that the respondent herself apparently believed the right of first refusal was extended by the 1971 deed as evidenced by the notice she sent the petitioners in August 2006, one month after the fifty-year provision in the 1961 deeds had expired. A subsequent grantee's interpretation of language in a deed, however, has no bearing upon our interpretation, which focuses upon the intention of the parties at the time of the conveyance. *See Flanagan v. Prudhomme*, 138 N.H. 561, 565-66 (1994).

Having held that the right of first refusal has expired, we need not address the other issues raised on appeal.

*Reversed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.