# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0749, <u>Robert Kindya v. Atrium Medical Corporation</u>, the court on June 9, 2015, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Robert Kindya, appeals the order of the Superior Court (<u>Temple</u>, J.) affirming the decision of the New Hampshire Commission for Human Rights (commission) finding no probable cause to credit the allegations of discrimination in his complaint against the defendant, Atrium Medical Corporation. The plaintiff argues that the superior court erred in: (1) granting the defendant's motion to strike its default; and (2) affirming the commission's finding despite the defendant's default in the administrative proceeding.

To prevail in the superior court, the plaintiff was required to establish by a clear preponderance of the evidence that the commission's decision was unlawful or unreasonable. <u>See</u> RSA 354-A:21, II(a) (2009).

The plaintiff first argues that the superior court erred in granting the defendant's motion to strike its default for failing to timely answer the plaintiff's appeal petition. The superior court has broad discretion in managing the proceedings before it. <u>In the Matter of Conner & Conner</u>, 156 N.H. 250, 252 (2007). Superior Court Civil Rule 42 provides that the court may strike a default "upon such terms as justice may require." We will not reverse the court's decision to strike a default unless the court unsustainably exercised its discretion or erred as a matter of law. <u>In the Matter of Jones and Jones</u>, 146 N.H. 119, 121 (2001); <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). To show that the court's decision is not sustainable, the plaintiff must demonstrate that its ruling was clearly untenable or unreasonable to the prejudice of his case. <u>See</u> <u>Conner</u>, 156 N.H. at 252.

The plaintiff argues that the court erred in striking the default because, he asserts, the defendant demonstrated "gross negligence" in failing to notify its counsel that it had been served with the petition and because its counsel negligently failed to inquire as to whether the petition had been served after receiving a copy of a letter from the commission to the court transferring a certified copy of the record of the proceedings before the commission. The

defendant counters that it mistakenly believed that its counsel had received notice that the petition had been served, and that while the commission's letter to the court may have notified its counsel that the plaintiff had <u>filed</u> his petition, its counsel was unaware that the petition had been served until the court issued its default notice. The defendant also asserts that the plaintiff suffered no prejudice by the relatively brief delay resulting from its late answer. The record shows that the defendant's answer was due on or about March 25, 2014 and was filed on or about April 22, 2014.

The superior court may waive the strict application of any rule as good cause appears and as justice may require. <u>Super. Ct. Civ. R.</u> 1(d). This standard "does not explicitly bar relief from all consequences of human neglect." <u>Perron v. Aranosian</u>, 128 N.H. 92, 95 (1986). Based upon the record in this case, we conclude that the plaintiff has failed to demonstrate that he was prejudiced by the court's decision to strike the default, or that the court otherwise unsustainably exercised its discretion in granting the motion to strike. <u>See</u> <u>Conner</u>, 156 N.H. at 252.

The plaintiff next argues that the court erred in affirming the commission's finding despite the defendant's default in the administrative proceeding. He also argues that the court erred in failing to expressly address the defendant's defaults in its order on the merits. It is the burden of the appealing party, here the plaintiff, to provide this court with a record sufficient to decide his issues on appeal, as well as to demonstrate that he raised his issues in the superior court. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel). The record fails to show that the plaintiff requested specific findings regarding the defendant's defaults. In the absence of a party's request, the court is not obligated to make specific findings, <u>see</u> <u>Caouette v. Town of New Ipswich</u>, 125 N.H. 547, 558 (1984), and we will assume that the trial court made all findings necessary to support its ruling, <u>see</u> <u>Prop. Portfolio Group v. Town of Derry</u>, 154 N.H. 610, 617 (2006).

The record fails to show that the plaintiff argued in the superior court that the commission's decision should be reversed because of the defendant's failure to timely respond to his charge of discrimination. Even assuming, without deciding, that the plaintiff raised this issue in the superior court, the record supports the superior court's implied finding that the commission had a sufficient basis not to default the defendant. The defendant filed a detailed response to the plaintiff's charge of discrimination on or about November 28, 2012, approximately two months after the plaintiff alleges the response was due. The plaintiff has failed to demonstrate how he was prejudiced by this delay. Based upon this record, we find no error in the superior court's order affirming the commission's decision. <u>See</u> <u>Demers Agency v. Widney</u>, 155 N.H. 658, 660 (2007).

We have considered the plaintiff's remaining arguments and conclude that they are insufficiently developed, <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003), and warrant no further consideration, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**