# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0531, <u>In the Matter of Cheryl Bordeleau and Kevin Rocheville</u>, the court on December 4, 2015, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Kevin Rocheville (father), appeals the final parenting plan and temporary support order issued by the Circuit Court (<u>Introcaso</u>, J.), arguing that the court erred in entering a final default against him at the pretrial conference. He argues that he was not provided with reasonable notice that his conditional default would be addressed at the conference.

We will not disturb the trial court's default ruling absent an unsustainable exercise of discretion or error of law. <u>Douglas v. Douglas</u>, 143 N.H. 419, 422 (1999); <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001). To show that the trial court's decision is not sustainable, the father must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>See</u> <u>Lambert</u>, 147 N.H. at 296.

The record shows that on January 27, 2014, the trial court notified the parties that a pretrial conference would be held on June 12, 2014, and that the final hearing would be held on July 17, 2014. On March 27, 2014, the petitioner, Cheryl Bordeleau (mother), sent the father interrogatories and requests for documents to be answered within thirty days. <u>See</u> <u>Fam. Div. R.</u> 1.25(E)(2). In her discovery requests, the mother primarily sought information relating to the father's employment and income for purposes of child support. On May 20, 2014, having not received the father's discovery responses within thirty days, the mother moved for conditional default, and two days later, the trial court granted the motion, giving the father ten days in which to answer the interrogatories and move to strike the conditional default. <u>See</u> <u>Fam. Div. R.</u> 1.25(E)(11). The father neither answered the interrogatories within ten days nor moved to strike the conditional default within that time.

On June 12, 2014, the parties appeared with counsel for the scheduled pretrial conference. The mother's attorney advised the court that the father had not responded to her discovery requests. The father's attorney explained that the discovery requests had been timely forwarded to the father, but that he had not yet responded. Neither the father nor his counsel offered any

explanation for his failure to respond to discovery, nor did they represent to the court that responses would be provided. Based upon the record before it and the representations by counsel, the court entered a final default against the father. The court explained that, as a result of the default, the father would be allowed to comment on the mother's proposals at the final hearing, and the court would consider his alternative proposals, but he would not be allowed to present evidence. See Bursey v. Bursey, 145 N.H. 283, 285 (2000) (default in domestic matters results in admission of well-pleaded allegations).

The father argues that the trial court erred in entering a final default against him at the pretrial conference because he had no notice that the court would address his conditional default at the conference and, as a result, his counsel was not prepared to address the issue. He also argues that Family Division Rule 1.25 provides that before the court may enter a default, the party whose interrogatories have not been answered must file a written motion for default. We note that the father raised neither of these arguments at the pretrial conference. Nor did he move within ten days for the court to reconsider its decision. See Fam. Div. R. 1.26(F). Assuming, without deciding, that the father preserved these issues for review, but see In the Matter of Mannion & Mannion, 155 N.H. 52, 54 (2007) (contemporaneous and specific objection is generally required to preserve an issue for appellate review), we cannot conclude based upon this record that the trial court unsustainably exercised its discretion in defaulting him.

The purpose of a pretrial conference is "to identify contested issues, identify witnesses, mark exhibits, exchange documents, and complete any other matters the Court deems appropriate." Fam. Div. R. 2.21(A). In this case, the father was already in conditional default when he and his counsel appeared at the pretrial conference. We conclude that Rule 2.21(A) placed the father on notice that his conditional default for failure to produce discovery on issues pertaining to trial could be one of the matters that the court would address at the conference.

The father does not dispute the trial court's finding that the mother, through counsel, orally moved at the pretrial conference for entry of final default. Nothing in Family Division Rule 1.25(E)(11) states that the court may act only on a written motion for default. In addition, Family Division Rule 1.2 provides that the court may waive the requirements of any rule as good cause and justice may require. In this case, the mother's attorney explained that he did not bring a written motion for final default to the pretrial conference because he "half expected" that the father would provide his interrogatory answers at the conference, in which case, the attorney would assert only that he needed "an opportunity to review [them] to make sure [they were] complete."

Moreover, as to the parenting plan, the father has failed to show that he was prejudiced by the court's ruling. See Lambert, 147 N.H. at 296. At the

final hearing, both parties proceeded by offers of proof. Although the court instructed the father's counsel to comment only on the offers of proof provided by the mother's counsel, the record shows that the court considered the offers of proof provided by the father's counsel, which included affirmative representations regarding the father's strong relationship with the children and the mother's alleged non-compliance with temporary orders. Although the father asserts in his brief that the trial court adopted the mother's proposed orders "in their entirety," the court denied the mother's request for sole decision-making responsibility, which was the primary parenting issue in dispute. In addition, although the father sought parenting time with both children every other weekend, the court awarded him parenting time with the older child every other weekend and with the younger child, who is four years old, from 9:00 a.m. to 5:00 p.m. on Sundays of the same weekends.

To the extent that the father argues the court erred in precluding him from introducing evidence of his financial condition, we cannot conclude that the trial court unsustainably exercised its discretion. "The purpose of interrogatories is to narrow the issues of the litigation and prevent unfair surprise by making evidence available in time for both parties to evaluate it and adequately prepare for trial." Bursey, 145 N.H. at 286 (brackets and quotation omitted). "In order to prevent unfair surprise, a party may be precluded from presenting evidence that he fails to disclose during discovery." Id. The record shows that the father provided the mother with his interrogatory answers on July 1, 2014, prior to the final hearing, but after final default had been entered against him. However, the mother, through counsel, represented to the court that the responses were "incomplete, curt or non-responsive; deficient to the point of leaving [the mother] unprepared for trial." Accordingly, the record supports the trial court's decision to base its support order upon an estimate of the father's prior earnings, and to make its order temporary, giving the father an opportunity to present evidence regarding child support at the 90-day review hearing.

To the extent that the father raises a constitutional due process issue, we conclude that his argument is insufficiently developed to warrant judicial review. See Douglas, 143 N.H. at 429 (noting that "off-hand invocations" of constitutional rights without developed legal argument warrant no extended discussion).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**

3