# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0083, <u>Linderhof Property Owners'
Association & a. v. Paul Hegner & a.</u>, the court on November 28,
2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we
conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1).
We affirm.

The defendants, Paul Hegner and Jody Hegner, appeal the order of the
Circuit Court (<u>Patten</u>, Referee, approved by <u>Boyle</u>, J.) entering a default
judgment for the plaintiff, Linderhof Property Owners' Association, in the
amount of $1,994.00 in unit owner's assessments and $9,897.00 in late fees
and interest. The trial court also awarded $13,825 in attorney's fees and
$474.81 in costs without objection. The defendants argue that the trial court
erred in entering a default judgment against them because, they assert, their
failure to appear for trial was due to circumstances beyond their control.

We review a trial court's default ruling under our unsustainable exercise
of discretion standard. <u>See</u> <u>In the Matter of Jones and Jones</u>, 146 N.H. 119,
121 (2001); <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001). To show that the trial
court's decision is unsustainable, the defendants must demonstrate that the
court's ruling was clearly untenable or unreasonable to the prejudice of their
case. <u>State v. Lambert</u>, 147 N.H. at 296.

The record shows that the plaintiff initiated this collection action in
2013. "Since that time," the trial court found, the "defendants have sought 5
continuances, requested extensions of time to file untimely pleadings, and
sought discovery by seeking to re-open discovery well beyond the deadlines set
in pre-trial structuring orders." In April 2017, the defendants received notice
that the trial was scheduled for 10:00 a.m. on September 8, 2017. The notice
further advised them that if they failed to appear, and the court found for the
plaintiff, "the court may proceed immediately to the assessment of damages."

The record shows that the trial started on September 8, 2017, as
scheduled, shortly after 10:00 a.m. At the start of the trial, the clerk advised
the trial court that the defendants had contacted the court at 9:30 a.m. to
report that they would be an hour and a half late. The trial court found the
delay to be "[u]nacceptable" and allowed the plaintiff to make an offer of proof,
following which the court entered a default judgment for the plaintiff in the
amount of $1,994.00 in unit owner's assessments and $9,897.00 in late fees

and interest, and invited the plaintiff to submit proof of the attorney's fees it incurred for an award of attorney's fees.

The defendants contacted the court again after 11:00 a.m. that day. They allege in their brief that they told the court clerk during that call that they had a flat tire and were waiting for emergency roadside assistance. According to the trial court, they were told that a default judgment had been entered against them. The record shows that the court sent the defendants notices of the default judgment on September 11 and 18, 2017.

On October 12, 2017, more than one month after the trial, the defendants moved to strike the default judgment, alleging that they had experienced plane and car problems on the morning of the trial, which had prevented them from appearing. On October 31, 2017, the trial court denied the motion on the basis that it was "[u]ntimely under court rule." Although the court did not cite a specific rule, we note that District Division Rule 3.10(E)(1) provides that "[a] motion for reconsideration or other post-decision relief shall be filed within ten (10) days of the date on the clerk's written notice of the order or decision." See Dist. Div. R. 3.10(E)(1). Similarly, Rule 3.21(A) provides that "[a] motion to set aside a verdict shall be filed within ten days of the date on the clerk's written notice of the order or decision." See Dist. Div. R. 3.21(A); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel). The defendants did not address the untimeliness of their motion in their request to strike the default judgment; nor does the record show that they addressed the issue with the trial court after receiving the court's order denying their motion on timeliness grounds. See Starr v. Governor, 151 N.H. 608, 611 (2004) (error that first becomes apparent in post-trial order must be raised in motion to reconsider to satisfy preservation requirement). The defendants similarly fail to address the untimeliness issue on appeal.

In their brief, the defendants argue further that the court erred in failing to schedule a hearing on damages after defaulting them. However, the record fails to show that they raised this issue in the trial court. See Thompson v. D'Errico, 163 N.H. 20, 22 (2011) (parties may not have judicial review of matters not raised in the trial court); see also Dist. Div. R. 3.21(C) (requiring a hearing on damages only upon a party's request). Similarly, the record fails to show that the defendants apprised the trial court of the alleged factual errors in its default judgment order that they note in their appellate brief, or that they raised with the trial court a number of factual issues noted in their appellate brief. See Thompson, 163 N.H. at 22.

Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in entering a default judgment against

2

the defendants.  See In the Matter of Jones, 146 N.H. at 121; State v. Lambert, 147 N.H. at 296.

The defendants' motion for late entry of their objection to the plaintiff's motion to strike is granted.  The plaintiff's motions to strike and for attorney's fees on appeal are denied.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**