**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0460, <u>Stanley B. Robbins, Trustee of the 500 Manchester Street Realty Trust & a. v. Stephen Zappala & a.</u>, the court on April 16, 2019, issued the following order:**

Having considered the briefs, the parties' supplemental memoranda addressing mootness, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We dismiss the appeal as moot.

The doctrine of mootness is designed to avoid deciding issues that have become academic or dead. <u>LeBaron v. Wight</u>, 156 N.H. 583, 585 (2007). It is not, however, subject to rigid rules, but is instead regarded as a question of convenience and discretion. <u>Id</u>.

In their supplemental memorandum of law, the defendants do not dispute that the issue they raise — whether the trial court erroneously interpreted two settlement agreements when it denied their cross-motion for contempt and then reconsidered its denial of the motion, vacated its findings of fact relative to it, and granted the plaintiffs' request for an evidentiary hearing — has been rendered moot by their decision to withdraw the contempt motion. Instead, they urge us to address the issue on its merits, because, they assert, future litigation between the parties relative to their rights and obligations under the agreements "is not only a virtual certainty[,] but is likely imminent."

Although we have recognized that a decision on the merits of a moot issue <u>may</u> be justified if future litigation may thereby be avoided, it is still within our discretion not to decide a moot issue on that basis. <u>See id</u>. In this case, even if the trial court erroneously interpreted the agreements, as the defendants contend, so as to require them to comply with the enforcement procedures of the 2015 agreement, the defendants still bore the burden to prove that the plaintiffs violated the 2015 agreement in a manner that triggered the penalties provision of the 2016 agreement. The plaintiffs disputed that they had triggered the penalties provision, and the trial court, on reconsideration, vacated its factual findings concerning the plaintiffs' compliance with the 2015 agreement and granted their request for an evidentiary hearing. That hearing never occurred, and the trial court never issued a final ruling on the contempt motion, prior to the defendants' withdrawal of it. Any future litigation between the parties concerning the defendants' entitlement to penalties will, likewise, raise the factual question of whether the plaintiffs violated the 2015 agreement. Under these

circumstances, we decline to address the merits of the trial court's interpretation of the agreements, and dismiss the appeal.

<u>Dismissed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,<br>Clerk**