# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0189, <u>In the Matter of Jesse Emery and Shona Emery</u>, the court on March 11, 2020, issued the following order:**

The motion to strike the reply brief is granted.  The respondent's memorandum of law was filed on December 9, 2019.  Accordingly, a reply brief was due on or before Monday, December 30, 2019.  <u>See</u> <u>Sup. Ct. R.</u> 16(7) (requiring reply brief to be filed within twenty days of submission of opposing brief or memorandum of law); <u>Sup. Ct. R.</u> 27(1) (providing that when a deadline falls on a Sunday, the deadline is extended to the next day on which the clerk's office is open).  The petitioner did not file his reply brief until January 7, 2020.  Although the petitioner claims that "when [the court] accepted [his] appeal the paperwork stated that [he] had until the 9th of January to file" a reply brief, the October 8, 2019 acceptance order in fact stated only that the petitioner's brief was due on or before November 7, 2019, and that the respondent's brief was due on or before December 9, 2019.  Accordingly, the deadline for any reply brief was governed by Rules 16(7) and 27(1).

Having considered the petitioner's brief, the respondent's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  The petitioner, Jesse Emery, appeals a final decree of the Circuit Court (<u>Hall</u>, J.) in his divorce from the respondent, Shona Emery.  He argues that the trial court, in determining his child support obligation, erred by precluding him, as a discovery sanction, from submitting updated financial information, and by not considering: (1) a motion to modify child support that he had filed prior to the final hearing; (2) "a second attempt at modification"; and (3) "a verbal request to reconsider."  We affirm.

The trial court has broad discretion in awarding child support as part of a divorce decree, <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014), and over the management of discovery, <u>N.H. Ball Bearings v. Jackson</u>, 158 N.H. 421, 429 (2009).  We will not overturn the trial court's rulings on such matters absent an unsustainable exercise of discretion.  <u>Spenard</u>, 167 N.H. at 3; <u>Jackson</u>, 158 N.H. at 429.  "This [standard of review] means that we review the record only to determine whether it contains an objective basis to sustain the trial court's discretionary judgments."  <u>Spenard</u>, 167 N.H. at 3 (quotation and brackets omitted).  To establish an unsustainable exercise of discretion, the petitioner must demonstrate that the trial court's rulings were clearly untenable or unreasonable to the prejudice of his case.  <u>Jackson</u>, 158 N.H. at 429.

As the appealing party, it is the petitioner's burden to provide a record that is sufficient to decide the issues he is raising.  Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).  Absent a transcript, we assume that a transcript would support the result reached by the trial court.  See id.

The record reflects that the respondent sent the petitioner letters on August 28, 2017, September 7, 2019, and October 11, 2017, asserting that there were deficiencies in the petitioner's initial disclosures, see Fam. Div. R. 1.25-A, and requesting supplemental disclosures consisting of a number of financial documents.  The petitioner did not respond to these requests, and in December 2017, the trial court issued temporary orders.

In April 2018, the petitioner filed a motion to modify the temporary child support order, asserting that effective April 30, 2018, his employment had been terminated.  The petitioner asserts, and the respondent does not dispute, that prior to the final hearing in January 2019, the trial court had not yet ruled upon the April 2018 motion to modify child support.  On May 25, 2018, the respondent sent the petitioner a letter noting that he had never responded to the prior demands for supplemental disclosures, and that the petitioner's disclosures "now should include all information relative to his loss of [employment] and information on all compensation."  The respondent requested that the petitioner produce numerous financial documents, including documents related to his loss of employment.  On June 5, 2018, the respondent sent the petitioner an additional letter requesting the production of further documents related to his employment.

The petitioner did not respond to the respondent's May 25 and June 5, 2018 requests, and on July 9, 2018, the respondent filed a motion to compel. On August 29, 2018, the trial court granted the motion to compel, ordering the petitioner to produce all requested documents within fifteen days.  The petitioner did not comply with the trial court's order, and on October 18, 2018, the respondent moved for contempt and for an order finding the petitioner in default and precluding him from offering documents at the final hearing.  On November 29, 2018, the trial court ruled on the motion as follows:

> Motion for Default granted.  No Objection filed.  Contempt to be addressed at Final Hearing.  To participate in financial issues at the Final Hearing, [the petitioner] shall provide the [Rule] 1.25-A documents to [the respondent's] counsel 30 days prior to the hearing, and file a Motion to Strike Default.

The petitioner did not produce the documents or move to strike the default, and according to the trial court's narrative order, at the January 10, 2019 final hearing, it did not allow the petitioner to offer "testimony or exhibits in support of his financial proposals," or "to offer affirmative evidence in response to the Respondent's allegation that he is voluntarily underemployed or unemployed

due to his failure to timely provide documentation to support his allegation and representation to the Court" concerning his loss of employment. Accordingly, the trial court based its final child support order upon the petitioner's September 21, 2017 financial affidavit.

The petitioner moved for reconsideration, claiming that, in connection with his April 2018 motion to modify, he had submitted a financial affidavit, and that that affidavit "was actually the last financial document submitted[, and] not the Financial Affidavit" that the trial court had relied upon. The petitioner submitted with the motion a current financial affidavit and documents relative to his loss of employment. He requested that the trial court recalculate his child support obligation retroactive to the April 2018 motion to modify. The trial court denied the motion. Thereafter, and prior to the present appeal, the petitioner filed a petition again seeking to modify child support, asserting that the trial court had never ruled upon his April 2018 motion to modify. The trial court denied the petitioner's second request to modify child support, citing its "final decree regarding the finding of default as to financial disclosures" as its rationale for denying the request. By relying upon the default ruling as the basis to deny the petition to modify child support, the trial court effectively treated the pleading as a successive motion for reconsideration of the final decree, rather than as an independent motion to modify child support based upon a substantial change in circumstances.[1]

On appeal, the petitioner argues that the trial court erred because, he claims, "the most recent financial documents were the ones filed in April of 2018, not the ones filed when [he] originally filed for divorce." Thus, he argues that the trial court erroneously established his support obligation "at an amount that far exceeded [his] ability to . . . pay." Additionally, he argues that the trial court erred by denying his post-decree petition to modify child support, and by rejecting a verbal request to reconsider the amount of child support that he claims he made at a hearing in September 2019, months after he had filed the present appeal. We disagree.

"In order to prevent unfair surprise, a party may be precluded from presenting evidence that he fails to disclose during discovery." Bursey v. Bursey, 145 N.H. 283, 286 (2000). In this case, the petitioner failed to disclose documents related to his financial condition, including documents directly pertaining to his April 2018 loss of employment and motion to modify child support, despite having been specifically ordered by the trial court to produce the documents and having been granted an opportunity to cure his default. In

---

[1] We note that the petitioner did not allege in the pleading that there had been a substantial change in circumstances since the trial court had issued the final child support order. We note further that, when the petitioner filed the pleading, it appears that the trial court had not yet ruled on a timely motion to clarify the final decree filed by the respondent. See Sup. Ct. R. 7(1)(C) (stating that a timely-filed post-decree motion stays the running of the appeal period for all parties).

his brief, the petitioner concedes that he had documents that were responsive to the trial court's order on the motion to compel, but claims that he withheld them because he "felt that the documents . . . were private in nature and that [the respondent] had no reason to have them." "If the [petitioner] in this case were allowed to present evidence regarding his financial condition for the first time at the final hearing, it would have resulted in unfair surprise to the [respondent]." Bursey, 145 N.H. at 286. We note that, according to the trial court's order, the petitioner attempted to introduce evidence regarding his financial circumstances and loss of employment at the final hearing. Because he has not provided a transcript of the final hearing, we assume that a transcript would support the trial court's decision not to allow him to introduce such evidence as a consequence of his default. See Bean, 151 N.H. at 250.

Under these circumstances, we cannot say that the trial court's decisions to preclude the petitioner from introducing evidence regarding his financial circumstances at the final hearing, and not to consider evidence he may have submitted in connection with his April 2018 motion to modify child support, amounted to unsustainable exercises of discretion. See Bursey, 145 N.H. at 286. Nor did the trial court unsustainably exercise its discretion by treating the petitioner's post-decree petition to modify child support, which relied upon his April 2018 motion to modify and allegations concerning employment he had obtained in August 2018, prior to the January 2019 final hearing, as a successive motion for reconsideration, and by denying it based upon "the finding of default as to financial disclosures" in the final decree. To the extent that the petitioner is challenging the trial court's denial of an oral request for reconsideration that he allegedly made at a hearing in September 2019, well after he had filed the present appeal, the issue is not properly before us. To the extent he is arguing that the trial court erred by not ruling upon the April 2018 motion to modify, we construe the final decree as implicitly denying the motion to modify based upon the petitioner's failure to produce ordered discovery directly pertaining to the April 2018 motion. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (stating that interpretation of a trial court order is a question of law, which we review de novo).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**