**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0023, <u>In the Matter of Robert Ansin and Christine Ansin</u>, the court on October 18, 2022, issued the following order:**

Having considered the brief filed by the petitioner, Robert Ansin (Husband), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). Husband cross-appeals temporary orders entered by the Circuit Court (<u>Alfano</u>, J.) in his divorce from the respondent, Christine Ansin (Wife).[1] On appeal, he argues that the trial court erred as a matter of law by failing to enforce the parties' prenuptial agreement in its temporary orders. We dismiss the cross-appeal as moot.

RSA 460:2-a allows parties to enter into a written contract "in contemplation of marriage." RSA 460:2-a (2018). A prenuptial agreement is presumed valid unless the party seeking invalidation of the agreement proves that: (1) the agreement was obtained through fraud, duress, or mistake or through misrepresentation or nondisclosure of a material fact; (2) the agreement is unconscionable; or (3) the facts or circumstances have so changed since the agreement was executed as to make the agreement unenforceable. <u>In the Matter of Nizhnikov & Nizhnikov</u>, 168 N.H. 525, 528 (2016). We will not disturb a trial court's decision regarding the enforceability of a prenuptial agreement "unless it is unsupported by the evidence or plainly erroneous as a matter of law." <u>Id</u>.

In this case, the trial court issued temporary orders "while the parties conduct[ed] discovery" on the issue of whether their prenuptial agreement was enforceable. The court observed that "[n]either party [had] provided any legal authority on whether the court [was] bound by the terms of the prenuptial agreement when issuing temporary orders." The court further observed that there was a large "disparity of wealth between the parties." The court issued its temporary orders "[w]ithout making any decisions on the validity and enforceability of the prenuptial agreement." In its final decree, however, the Circuit Court (<u>Lemire</u>, J.), ruled that the parties' prenuptial agreement is valid and enforceable and incorporated the prenuptial agreement into the parties' final divorce decree.

---

[1] Wife initially appealed the final decree of divorce issued by the Circuit Court (<u>Lemire</u>, J.), but subsequently withdrew her appeal. Accordingly, we ordered the case to proceed on Husband's cross-appeal of the temporary orders only.

Husband acknowledges that his appellate issue — whether the trial court erred as a matter of law by ruling that it was not required to enforce the prenuptial agreement when issuing temporary orders — could be "technically moot" because the court "eventually enforced the prenuptial agreement." He urges us to decide the issue nonetheless because it is "an important issue of public policy" that is "capable of repetition, yet evading review."

"The doctrine of mootness is designed to avoid deciding issues that have become academic or dead." LeBaron v. Wight, 156 N.H. 583, 585 (2007) (quotation omitted)). "[T]he question of mootness is not subject to rigid rules, but is instead regarded as a question of convenience and discretion." Id. (quotation omitted). We decline to exercise our discretion to decide Husband's cross-appeal. Although "we agree that this issue may come before us again, we are not persuaded that it will necessarily evade our review." In the Matter of Jones and Jones, 146 N.H. 119, 121 (2001). Accordingly, we dismiss the cross-appeal.

Dismissed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**