Hooksett Family Division
No. 2011-439

LINDA THOMPSON

v.

CHRISTOPHER D'ERRICO

Submitted: November 16, 2011
Opinion Issued: December 14, 2011

*Boehm & Wright, PLLC*, of Concord (*Lenora Boehm* on the brief), for the plaintiff.

Christopher D'Errico, by brief, *pro se.*

LYNN, J. The defendant, Christopher D'Errico, appeals the recommendation of the Marital Master (*Geiger*, M.), approved by the Hooksett Family Division (*Gordon*, J.), granting a final order of protection to the plaintiff, Linda Thompson. We affirm.

The plaintiff filed a domestic violence petition on April 12, 2011. Following an evidentiary hearing, the trial court found that almost every day the defendant sent the plaintiff "many text messages using extraordinarily foul language." The court further found that the defendant told the plaintiff not to come near his house because he had a loaded shot gun, and that in the past the defendant was stopped by a family friend from putting his hand around the plaintiff's neck. The court concluded that the defendant's conduct constituted a present threat to the plaintiff's safety because of "the threatening and harassing manner he communicates with her, his statement regarding the loaded shotgun, and in the past he was stopped by a family friend from putting his hand around her neck." The court ruled that the defendant had harassed the plaintiff as defined in RSA 644:4, and issued a final order of protection.

The defendant moved for reconsideration, arguing that the evidence did not support a finding of a credible present threat to the plaintiff's safety, noting that the statement regarding the loaded gun was made in January 2011 and the alleged attempted assault occurred about six months prior to the April 2011 hearing. Following a hearing on the motion, the trial court

issued an order detailing the many text messages that the defendant sent "on a repeated basis at inconvenient hours with extraordinarily offensive and coarse language." In particular, the court noted a text message sent on April 3, 2011, which stated: *"bills asshole die bitch."* The court found this to be a "credible present threat, considering the defendant's previous threat of the loaded shotgun and the defendant's previous attempt to put his hands around the plaintiff's neck."

On appeal, the defendant argues that: (1) his non-threatening foul language is protected by the First Amendment; (2) there is no evidence to support the plaintiff's allegations against him; (3) the text messages might have been sent by a third party having access to his phone; (4) the trial court erred by admitting evidence of certain text messages; and (5) the evidence does not support the finding of a credible present threat to the plaintiff's safety.

█ █ It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to decide his issues on appeal. *See Bean v. Red Oak Prop. Mgmt.*, 151 N.H. 248, 250 (2004); *see also* SUP. CT. R. 13. Several of the issues raised by the defendant contain factual components, requiring a transcript in order to review whether the trial court's findings are supported by the evidence. *See* SUP. CT. R. 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."). Absent a transcript of the trial court hearings, we must assume that the evidence was sufficient to support the decision reached. *See Bean*, 151 N.H. at 250; *cf. Town of Nottingham v. Newman*, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for *pro se* litigants).

█ In addition, it is a long-standing rule that parties may not have judicial review of matters not raised in the forum of trial. *In the Matter of Hampers & Hampers*, 154 N.H. 275, 287 (2006); *see also Bean*, 151 N.H. at 250. It is the defendant's burden, as the appealing party, to demonstrate that he specifically raised the arguments articulated in his brief before the trial court. *See Hampers*, 154 N.H. at 287; *Bean*, 151 N.H. at 250.

█ With these principles in mind, we turn to the defendant's arguments. RSA 644:4, I(b) (2007) provides that a person is guilty of harassment if he "[m]akes repeated communications . . . in offensively coarse language with a purpose to annoy or alarm another." The defendant first argues that he used non-threatening foul language, which is protected by the First Amendment to the United States Constitution. Therefore, he contends, the

trial court erred by relying upon his use of such language as a basis for issuing the protective order. We disagree. We have previously addressed a First Amendment challenge to RSA 644:4, I(b), and concluded that RSA 644:4, I(b) is distinguishable from other subsections of the same statute that were found to be unconstitutionally overbroad. *State v. Gubitosi*, 157 N.H. 720, 728 (2008). Because subsection I(b) requires repeated communications that contain offensively coarse language that are made with the purpose to annoy or alarm, the scope of the subsection is "narrowly tailored to the illegal communications sought to be prevented." *Id.* Thus, the trial court could properly consider the defendant's repeated messages containing "extraordinarily offensive and coarse language" in determining that the defendant had harassed the plaintiff as defined in RSA 644:4, I(b).

We next address the defendant's arguments that "there is no evidence to support [the plaintiff's] accusations towards [him]," and that "some of the text messages sent to [the plaintiff] were originated by third parties having access to [his] phone." Both issues challenge the trial court's findings of fact. Without a transcript of the trial court hearings, we must assume that the evidence was sufficient to support the result reached by the trial court. *See Bean*, 151 N.H. at 250. Accordingly, we reject these arguments.

▮ The defendant also contends that the trial court erred by admitting evidence of the substance of certain text messages sent to the plaintiff. The defendant, however, has not demonstrated that he raised this issue before the trial court. Absent a transcript, he is unable to show that he objected when the text messages were admitted into evidence. Accordingly, he has not preserved this issue for our review, and we decline to consider it further. *See Hampers*, 154 N.H. at 287; *Bean*, 151 N.H. at 250.

▮ Finally, we address the defendant's argument that the evidence does not support a finding of a present credible threat to the plaintiff's safety. *See* RSA 173-B:1, I (Supp. 2010) ("abuse" includes harassment as defined in RSA 644:4 where defendant's conduct constitutes credible present threat to plaintiff's safety). The short answer to this argument is that, absent a transcript of the proceedings below, we must assume that the evidence supports the trial court's finding. Furthermore, even limiting our review of the trial court's finding to the specific evidence noted by the trial court in its written orders, we find no error. The trial court specifically relied upon an attempted assault that occurred within six months of the filing of the petition, the defendant's threatening statement regarding a loaded shotgun made within three months of the filing, and a further message including the words "die bitch" sent just days prior to the filing. Given that evidence, the trial court could properly conclude that the plaintiff had "show[n] more than a generalized fear for personal safety based upon past physical

violence and more recent non-violent harassment." *Walker v. Walker*, 158 N.H. 602, 608 (2009) (quotation omitted).

*Affirmed.*

DALIANIS, C.J., and DUGGAN, HICKS and CONBOY, JJ., concurred.