9th Circuit Court — Manchester Family Division
No. 2013-263

NATHALIE HURLEY

v.

CRAIG HURLEY

Submitted: November 14, 2013
Opinion Issued: December 20, 2013

Nathalie Hurley, self-represented party, filed no brief.

*Dame & Lucas, PLLC*, of Gilford (*Allen J. Lucas* on the brief), for the defendant.

CONBOY, J. The defendant, Craig Hurley, appeals an order of the 9th Circuit — Manchester Family Division (*Emery*, J.) granting a domestic violence final order of protection to the plaintiff, Nathalie Hurley. *See* RSA 173-B:5 (2002 & Supp. 2013) (amended 2013). He argues that the evidence was insufficient to support the court's findings. We reverse.

The following facts are drawn from the record. The parties have been divorced since 2008. On December 9, 2012, the defendant sent a text message to the plaintiff telling her that his grandmother had just died, but asking her not to tell their child. During the course of approximately fifteen subsequent reciprocal messages, the exchanges became heated, and the plaintiff testified that, in his final text, the defendant wrote, "Whatever.

Wish you would die in a fiery crash." She filed her petition for a domestic violence protective order the following day.

Although the defendant had never threatened or abused the plaintiff prior to this one text message, the court found that, by sending the message, the defendant committed criminal threatening, see RSA 631:4, I (2007), and that such conduct constituted a credible present threat to the plaintiff's safety, see RSA 173-B:5, I, because the defendant "has worked on [the] plaintiff's car [and] know[s] where she live[s]." The court issued a domestic violence final order of protection restricting certain of the defendant's activities for one year, subject to extension. This appeal followed.

The defendant argues that the evidence was insufficient to support the court's findings that he (1) committed criminal threatening and (2) posed a credible present threat to the plaintiff's safety. We review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or tainted by error of law. *Walker v. Walker*, 158 N.H. 602, 608 (2009). We accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony. *Id.* We view the evidence in the light most favorable to the plaintiff. *Id.*

■ RSA 173-B:5, I, predicates relief for domestic violence upon a showing of "abuse" by a preponderance of the evidence. "Abuse," as defined in RSA 173-B:1, I (Supp. 2013), means "the commission or attempted commission" by, among others, a "former sexual or intimate partner" of one or more certain enumerated criminal acts, including criminal threatening, when such conduct constitutes "a credible present threat to the [plaintiff's] safety." A credible present threat requires "more than a generalized fear for personal safety." *Knight v. Maher*, 161 N.H. 742, 745 (2011).

■ ■ We conclude, based upon all the facts and circumstances of this case, that the defendant's single text message — "Wish you would die in a fiery crash" — did not constitute criminal threatening. RSA 631:4, I(d) sets forth the three elements of criminal threatening: (1) a defendant must threaten to commit a crime, (2) against the person of another, (3) with a purpose to terrorize any person. *State v. Morabito*, 153 N.H. 302, 305 (2006). Given the particular circumstances here, we conclude that the plaintiff failed to establish, by a preponderance of the evidence, that the defendant threatened to commit a crime or sent the message with a purpose to terrorize her.

The plaintiff's testimony focused upon only the one message. She did not contest the defendant's testimony that he had never threatened or abused her in the past. She further testified that he did not threaten to "tinker"

with her car or to start a fire. The evidence established that the defendant's message was the culmination of a lengthy exchange, which began with him informing the plaintiff of his grandmother's death. The defendant testified, "I shouldn't have said what I did, but I did, because . . . everything was all built up inside of me."

Although the defendant's "wish" may well be regarded as reprehensible, we conclude that the plaintiff did not present sufficient evidence that the defendant's "wish" amounted to a threat to commit a crime or that his purpose in sending the message was to terrorize her, rather than merely to express transitory anger. *Cf. State v. Fuller*, 147 N.H. 210, 214 (2001) (finding that events leading up to defendant's statements allowed reasonable jury to conclude that defendant's purpose was to terrorize, not merely to express transitory anger). Accordingly, the evidence was insufficient to establish "abuse" within the meaning of the statute. *See* RSA 173-B:1, I. We conclude, therefore, that the court erred in entering a domestic violence final order of protection against the defendant. *See* RSA 173-B:5, I.

*Reversed.*

DALIANIS, C.J., and HICKS, LYNN and BASSETT, JJ., concurred.