**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0444, <u>Ericka Koch v. David Koch</u>, the court on November 10, 2015, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, David Koch, appeals an order of the Circuit Court (<u>Foley</u>, J.) granting a domestic violence final order of protection to the plaintiff, Ericka Koch. <u>See</u> RSA 173-B:5 (Supp. 2014). He argues that the evidence was insufficient to support the court's findings and that the court erred in restricting his parenting time to supervised visitation at a visitation center.

The defendant first argues that the evidence was insufficient to prove that he committed an act of domestic violence. We review sufficiency of the evidence claims as a matter of law and uphold the trial court's findings and rulings unless they are lacking in evidentiary support or tainted by error of law. <u>Hurley v. Hurley</u>, 165 N.H. 749, 750 (2013). We accord considerable weight to the trial court's judgments on the credibility of the witnesses and the weight to be given testimony. <u>Id</u>. We view the evidence in the light most favorable to the prevailing party – in this case, the plaintiff. <u>Id</u>.

To obtain relief under RSA chapter 173-B, the plaintiff must show "abuse" by a preponderance of the evidence. <u>Id</u>. "Abuse" is defined in RSA 173-B:1 to include the commission or attempted commission of one or more of several criminal acts constituting a credible present threat to the plaintiff's safety. <u>See</u> 173-B:1 (Supp. 2014); <u>Hurley</u>, 165 N.H. at 750. The trial court found that the defendant committed the criminal act of assault or reckless conduct as defined by RSA 631:1 through RSA 631:3, <u>see</u> RSA 173-B:1, I(a), which includes RSA 631:2-b (Supp. 2014), the crime of domestic violence. Pursuant to RSA 631:2-b, a person commits domestic violence if he "[p]urposely or knowingly causes . . . unprivileged physical contact" against a family member "by use of physical force." <u>See</u> RSA 631:2-b, I(a).

In this case, the plaintiff, who is the defendant's wife, testified that she was having difficulty putting one of their daughters to bed. The defendant entered the child's bedroom, and the plaintiff heard the daughter start to cry. She asked the daughter what happened, and the daughter informed her that the defendant hurt her arm. The plaintiff observed "a little red mark" on the daughter's arm. The daughter also showed the plaintiff "a prominent hand mark" on her leg, where the defendant had hit her. In his testimony, the

defendant admitted that he "attempted to smack [the daughter] on her rear end," and that "[s]he resisted, so [he] did try to pull her over so [he] could get her."

The plaintiff testified that she opened the door to the defendant's bedroom and said, "You can't hit a child that hard." After she called the defendant an "abuser," he rose from the bed, and with his hands on her shoulder, pushed the plaintiff out of the room and into the hall before locking her out of the bedroom. This testimony supports the trial court's finding that the defendant purposely or knowingly caused unprivileged physical contact against his wife by pushing her out of the room. See Hurley, 165 N.H. at 750.

The defendant argues that his contact was not unprivileged because the self-defense statute, RSA 627:4 (2007), allows a person to use "non-deadly force upon another person in order to defend himself or a third person from what he reasonably believes to be the imminent use of unlawful, non-deadly force." See RSA 627:4, I. It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court. Thompson v. D'Errico, 163 N.H. 20, 22 (2011). "It is the defendant's burden, as the appealing party, to demonstrate that he specifically raised the arguments articulated in his brief before the trial court." Id. In this case, the defendant has failed to demonstrate that he raised this argument in the trial court. Even if we were to assume, without deciding, that he raised this argument at trial, there is no evidence to support the claim that he was acting in self-defense.

The defendant next argues that the evidence was insufficient to show that his conduct constituted a present credible threat to the plaintiff's safety. "Domestic violence protective orders are to be utilized when a victim has shown a need for protection from an ongoing, credible threat to his or her safety." Knight v. Maher, 161 N.H. 742, 745 (2011). The plaintiff must show "more than a generalized fear for personal safety based upon non-violent harassment to support a finding that a credible threat to [her] safety exists." Id. The plaintiff testified that the morning after the incident of domestic violence, she left with the children because she "was afraid that . . . if he can do that once, then he's going to do it again." She testified that there had been similar such episodes "in '07 and '08," and again "this past winter," when the defendant hit a bathroom door, causing it to strike the plaintiff in the cheek. The defendant admitted that he caused the door to hit her on that occasion, but insisted that it was an accident.

The plaintiff testified that the defendant has a drug problem, and that he has been using drugs "now more than ever." She testified that "with his drug use comes anger," and "that's why [she is] afraid . . . that he is capable of doing something to [her]." The defendant admits that "[he does] have a drug problem" and that "it does lead to a lot of problems." Under these circumstances, we conclude that the evidence supports the trial court's finding that an ongoing, credible threat to the plaintiff's safety exists as a result of the

2

defendant's drug problem, which the plaintiff testified causes him to become angry. See Hurley, 165 N.H. at 750.

The defendant next argues that the trial court erred in restricting his parenting time to supervised visitation at a visitation center. The purpose of RSA chapter 173-B "is to preserve and protect the safety of the family unit for all family members by entitling victims of domestic violence to immediate and effective police protection and judicial relief." Knight, 161 N.H. at 744-45 (quotation omitted). "Upon a showing of abuse of the plaintiff by a preponderance of the evidence, the court shall grant such relief as is necessary to bring about a cessation of abuse." RSA 173-B:5, I. Such relief may include "[e]stablishing visitation rights with regard to the parties' minor children," including "orders . . . requiring supervised visitation that shall take place only at a visitation center." See RSA 173-B:5, I(b)(6). We review the trial court's decision to grant relief upon a showing of abuse under our unsustainable exercise of discretion standard. See In the Matter of Martel & Martel, 157 N.H. 53, 64 (2008). The defendant argues that the trial court unsustainably exercised its discretion because there was no evidence to show that he was a threat to his children. The plaintiff based her request for supervised visitation upon her "fear that [the defendant] would take [the children] to a drug house if he was alone with them." In response, the defendant admitted that he "made a mistake seven, eight years ago," when he was using drugs and "went into a house to get more," with the children, and the plaintiff "caught [him]." The defendant asserted that he had "never, ever done anything like that since," and "never would." The defendant's credibility was an issue for the trial court to determine. See Hurley, 165 N.H. at 750. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in ordering supervised visitation. See Martel, 157 N.H. at 64.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3