# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0032, <u>Sanjeev Lath v. Oakbrook Condominium Owners' Association & a.</u>, the court on November 20, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, Sanjeev Lath, appeals an order of the Superior Court (<u>Brown</u>, J.) entering judgment for the defendants, Oak Brook Condominium Owners' Association, Warren Mills, Vickie Grandmaison, Dorothy Vachon, and Scott Sample, following a jury trial and verdict in the defendants' favor.  The plaintiff asserted claims for intrusion upon seclusion, assault and battery, negligent supervision, and trespass.  He sought damages for mental and emotional distress.  He argues that the trial court erred in:  (1) admitting evidence of his medical history, including illegal drug use; (2) denying his request to introduce deposition testimony in lieu of live testimony; and (3) denying his requests to introduce evidence of a defendant's prior assault conviction and a judge's alleged comments regarding the defendant in a separate case.  The plaintiff also argues that certain jurors were biased.

It is a long-standing rule that parties may not have judicial review of matters that were not properly raised in the trial court.  <u>Thompson v. D'Errico</u>, 163 N.H. 20, 22 (2011).  It is the burden of the appealing party, here the plaintiff, to provide this court with a record sufficient to decide his issues on appeal, as well as to demonstrate that he raised his issues before the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  We review a trial court's decisions on the admissibility of evidence for an unsustainable exercise of discretion.  <u>Lynn v. Wentworth By The Sea Master Ass'n</u>, 169 N.H. 77, 82 (2016).  Under this standard, the plaintiff must demonstrate that the trial court's rulings were clearly untenable or unreasonable to the prejudice of his case.  <u>Id</u>.

The record shows that the plaintiff did not raise his claim of juror bias at trial, and that he did not object to the discussion of his illegal drug use during attorney-conducted <u>voir</u> <u>dire</u>.  During his opening statement, the plaintiff admitted to illegal drug use, but asserted that he had recovered.  The trial court ruled that the evidence of the plaintiff's drug use was relevant to his claim for damages.

The court also ruled that defendant Scott Sample's conviction was not relevant to the negligent supervision claim because there was no evidence that the employer was aware of it, and because the crime was not a felony, did not involve a dishonest act or false statement, and was more than ten years old. See N.H. R. Ev. 609. The court further ruled that the alleged judicial comment was not admissible because it was not a factual finding in an adjudicatory order. See N.H. R. Ev. 803(8). In addition, the court ruled that the plaintiff had failed to demonstrate the unavailability of his witnesses for trial. See N.H. R. Ev. 804(a)(5). Based upon our review of the record, we conclude that the plaintiff has failed to demonstrate that the trial court's rulings were clearly untenable or unreasonable to the prejudice of his case. See Lynn, 169 N.H. at 82.

Affirmed.

Lynn, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**