# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0155, <u>Frank Farris v. Monty Woods</u>, the court on August 7, 2019, issued the following order:**

Having considered the brief filed by the plaintiff, Frank Farris, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals a Circuit Court (<u>Rappa</u>, J.) order entering judgment in favor of the defendant, Monty Woods, administrator of the estate of Evan Strimbeck (landlord), on his petition brought pursuant to RSA 540-A:3, VII (Supp. 2018), and awarding the defendant attorney's fees. We affirm in part and reverse in part.

RSA 540-A:3, VII provides, in pertinent part:

A landlord shall maintain and exercise reasonable care in the storage of personal property of a tenant who has vacated the premises, either voluntarily or by eviction, for a period of 7 days after the date upon which such tenant has vacated. During this period, the tenant shall be allowed to recover personal property without payment of rent or storage fees. After the 7-day limit has expired, such personal property may be disposed of by the landlord without notice to the tenant.

The trial court found that the plaintiff vacated the premises on October 1, 2017, but that, even assuming he vacated it on October 16 (as he testified), there was no evidence that the landlord "took any action to prevent him from retrieving his personal property" before the 7-day statutory period expired on October 23. The trial court found that none of the plaintiff's personal property was removed from the premises before October 23, and that the failure to retrieve his personal belongings before then "falls squarely on the Plaintiff."

On appeal, the plaintiff argues, in effect, that the evidence does not support the trial court's judgment. In reviewing a trial court's decision rendered after a trial on the merits, we uphold the trial court's factual findings and rulings unless they lack evidentiary support or are legally erroneous. <u>O'Malley v. Little</u>, 170 N.H. 272, 275 (2017). We do not decide whether we would have ruled differently than the trial court, but rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>Id</u>. Thus, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. <u>Id</u>.

The record supports the trial court's factual findings. The landlord testified that the plaintiff informed her that he would vacate the premises on October 1 and that he had access to his property between October 1 and October 16 because he still had a key to the premises. She further testified that, on October 20, the plaintiff informed her that he "was coming the next morning" to retrieve his property, but that he did not do so. The landlord testified that she "began cleaning the property out" on October 24. She testified that none of the plaintiff's personal property was removed from the premises before October 23. To the extent that the plaintiff's testimony conflicted with that of the landlord, such conflicts were for the trial court to resolve. See id. Based upon the above evidence, we conclude that the trial court reasonably determined that the landlord did not violate RSA 540-A:3, VII.

The plaintiff next challenges the trial court's award of attorney's fees to the defendant. The trial court found that filing the instant action on October 25, after the plaintiff's statutory right to retrieve his property had expired, was frivolous and merited awarding attorney's fees to the landlord.

The general rule in New Hampshire is that parties pay their own attorney's fees. Fat Bullies Farm, LLC v. Devenport, 170 N.H. 17, 29 (2017). However, we have recognized exceptions to this rule. Id. A court may award attorney's fees when specifically authorized by statute. Id. Otherwise, an award of attorney's fees must be grounded upon an agreement between the parties or a judicially-created exception to the general rule. Id. "Underlying the rule that the prevailing litigant is ordinarily not entitled to collect his counsel fees from the loser is the principle that no person should be penalized for merely defending or prosecuting a lawsuit." Id. at 29-30 (quotation omitted).

Here, the trial court awarded fees pursuant to the judicial exception that allows such an award when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons, where the litigant's conduct can be characterized as unreasonably obdurate or obstinate, and where it should have been unnecessary for the successful party to have brought the action." Harkeem v. Adams, 117 N.H. 687, 691 (1977) (quotation and citations omitted). "[B]efore a Harkeem exception may be carved out, it must be supported by a specific finding of bad faith, such as obstinate, unjust, vexatious, wanton or oppressive conduct." Pugliese v. Town of Northwood, 119 N.H. 743, 752 (1979).

We will not overturn the trial court's decision concerning attorney's fees absent an unsustainable exercise of discretion. Fat Bullies Farm, LLC, 170 N.H. at 30. To warrant reversal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party. Id.

In the instant case, the trial court failed to make a specific finding of bad faith before awarding attorney's fees under the <u>Harkeem</u> exception to the landlord. Without such a finding, awarding fees to the landlord constituted an unsustainable exercise of discretion. <u>See</u> <u>Arcidi v. Town of Rye</u>, 150 N.H. 694, 704-05 (2004).

The plaintiff raises other arguments on appeal, but has not demonstrated that he preserved them for our review by raising them before the trial court. It is a long-standing rule that parties may not have judicial review of matters that were not properly raised in the trial court. <u>Thompson v. D'Errico</u>, 163 N.H. 20, 22 (2011). It is the burden of the appealing party, here the plaintiff, to provide this court with a record demonstrating that he raised his issues before the trial court. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). Because the plaintiff has failed to demonstrate that he raised his remaining arguments in the trial court, we decline to address them.

<u>Affirmed in part; and reversed in part</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**