# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0112, <u>Cheryl-Ann Lombard v. Bob Scribner</u>, the court on January 31, 2020, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Cheryl-Ann Lombard, appeals an order of the Circuit Court (<u>LeFrancois</u>, J.) dismissing her petition brought under RSA chapter 540-A against the defendant, Bob Scribner, following a bench trial. We affirm.

The trial court found the following facts. In August 2018, the defendant purchased the building in which the plaintiff has a rental unit. Previously, the plaintiff had experienced problems with hot water and electrical outlets. In November 2018, the plaintiff notified the defendant of several issues in her unit, including a problematic electrical outlet, leaking pipes, and outdated thermostats.

On November 28, the town building department inspected the rental unit and notified the defendant of several violations that he needed to correct. In a December 10 letter, the town advised the defendant that he had corrected all of those violations except two: (1) one outlet in the bathroom of the plaintiff's rental unit was faulty; and (2) an exterior door for the common hallway had to be labeled properly. The town also advised the defendant that, although the inspector had observed that the plaintiff's rental unit had hot water, the plaintiff indicated that the hot water was inadequate. At the December 19 hearing, the defendant testified that he was working on replacing the faulty outlet, properly labeling the hallway door, and addressing the complaint of inadequate hot water.

The trial court ruled that the plaintiff had failed to prove that the defendant had willfully and substantially interfered with her beneficial use of the premises, <u>see</u> RSA 540-A:2 (2007), or that he had willfully terminated or interrupted her hot water, <u>see</u> RSA 540-A:3, I (2007). With respect to the plaintiff's allegation that the defendant had failed to address a pest infestation problem in her unit, the trial court found that "when notified of a possible insect infestation, the defendant hired a pest services company to service the building" and that he continued to use the company "on a regularly scheduled monthly basis." Accordingly, the trial court ruled that the plaintiff failed to prove a willful failure by the defendant to address pest infestation. <u>See</u> RSA 540-A:3, V-a (Supp. 2018). Because the trial court determined that the plaintiff had failed to meet her burden of proof, it dismissed her petition.

In reviewing a trial court's decision rendered after a trial on the merits, we uphold the trial court's factual findings and rulings unless they lack evidentiary support or are legally erroneous. O'Malley v. Little, 170 N.H. 272, 275 (2017). We do not decide whether we would have ruled differently than the trial court, but rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. Id. Thus, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. Id.

On appeal, the plaintiff first argues that the trial court erred by failing to apply RSA 48-A:14 (Supp. 2018). RSA 48-A:14 applies only to municipalities that have "not adopted ordinances, codes, or bylaws" pursuant to RSA chapter 48-A. The record submitted on appeal fails to establish that the plaintiff raised this issue in the trial court. It is a long-standing rule that parties may not have judicial review of matters that were not properly raised in the trial court. Thompson v. D'Errico, 163 N.H. 20, 22 (2011). It is the burden of the appealing party, here the plaintiff, to provide this court with a record demonstrating that she raised her issues before the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Because the plaintiff has failed to demonstrate that she raised her argument under RSA 48-A:14 in the trial court, we decline to address it.

The plaintiff next argues that the record does not support certain of the trial court's findings. Although the plaintiff has provided a transcript of the hearing in the trial court, she has not provided copies of the exhibits entered at that hearing, including her "packet of proof." As the appealing party, the plaintiff had the burden of providing this court with a record sufficient to decide her issues on appeal. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see Town of Nottingham v. Newman, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants). Absent a complete record, we must assume that the evidence supported the trial court's decision. See Bean, 151 N.H. at 250. We review the court's order for errors of law only, see Atwood v. Owens, 142 N.H. 396, 397 (1997), and find none.

To the extent that the plaintiff contends that the trial court erred by crediting the defendant's testimony that the plaintiff did not notify him until November 2018 of the issues in her rental unit, we reiterate that we defer to the trial court's credibility determinations. O'Malley, 170 N.H. at 275.

2

We have reviewed the plaintiff's remaining appellate arguments and conclude that they do not warrant further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,<br>Clerk**