# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0455, <u>Vincent Gillespie v. Craig Edsall & a.</u>, the court on March 11, 2020, issued the following order:**

Having considered the brief filed by the plaintiff, Vincent Gillespie, the memorandum of law filed by the defendants, Craig Edsall, the Town of Peterborough (Town), and the Town's police department, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals an order of the Circuit Court (<u>Gleason</u>, J.) ruling in favor of the defendants on his small claim complaint seeking recovery of a $315 towing fee. <u>See</u> RSA 262:32, :33 (2014). We affirm.

The trial court could have found the following facts. On a misty night in May 2018, the plaintiff left his vehicle unattended along the edge of Route 202 in Peterborough. An officer came upon the vehicle shortly after midnight. The vehicle had no hazard lights on and was found in an area where there have been prior accidents, including fatalities. A view of the vehicle was partially obstructed by a turn in the road. This section of Route 202 has no street lighting. The speed limit in the area is 55 miles per hour.

The officer spent close to an hour contacting various police agencies before obtaining the plaintiff's name and telephone number. He called the plaintiff at approximately 1:00 in the morning, but the plaintiff chose not to answer the telephone. The officer determined that the vehicle would be a menace to traffic if it remained where it was and, therefore, arranged to have it towed. <u>See</u> RSA 262:32, III. Later that day, the plaintiff called the police department looking for his vehicle. He subsequently recovered the vehicle from the towing company, after paying the $315 towing charge. <u>See</u> RSA 262:33, I.

RSA 262:32, III allows an officer to have a vehicle towed if he has reasonable grounds to believe that the vehicle "will be a menace to traffic if allowed to remain." RSA 262:33, I, provides that all reasonable towing charges "shall be paid by . . . [the] person claiming [the] vehicle."

On appeal, the plaintiff contends that the evidence does not support the trial court's determination that the officer in this case had reasonable grounds to believe that the plaintiff's vehicle would be a menace to traffic if it were allowed to remain. In reviewing a trial court's decision rendered after a trial on the merits, we uphold its factual findings and rulings unless they lack evidentiary support or are legally erroneous. <u>O'Malley v. Little</u>, 170 N.H. 272, 275 (2017). We do not decide whether we would have ruled differently than the

trial court, but rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. Id. Thus, we defer to the trial court's judgment on such issues as resolving conflicts in the evidence and determining the weight to be given evidence. Id. Nevertheless, we review the trial court's application of the law to the facts de novo. Id.

Based upon our review of the record submitted on appeal, we conclude that it supports the trial court's finding that the officer had reasonable grounds to believe that the plaintiff's vehicle would be a menace to traffic if it remained unattended on the side of Route 202. Although the evidence before the trial court was conflicting, it was for the trial court to resolve such conflicts in the first instance. See id.

The plaintiff argues that his vehicle did not present a "menace to traffic" because it did not present "a clear cut and tangible interference with, or danger to, traffic or traffic related operations." He contends that the trial court failed to apply this definition of "menace to traffic," and, therefore, that the trial court erred when it found that the officer had reasonable grounds to believe that the plaintiff's vehicle would be a menace to traffic along Route 202.

The record submitted on appeal fails to establish that the plaintiff raised this argument in the trial court. It is a long-standing rule that parties may not have judicial review of matters that were not properly raised in the trial court. Thompson v. D'Errico, 163 N.H. 20, 22 (2011). It is the burden of the appealing party, here the plaintiff, to provide this court with a record demonstrating that he raised his issues before the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Because the plaintiff has failed to demonstrate that he raised his argument regarding the meaning of the phrase "menace to traffic" in the trial court, we decline to address it.

The plaintiff next argues that the towing itself was not reasonable because his car was towed only approximately five hours after he left it on the side of the road. RSA 262:32, II allows an officer to have a vehicle towed if it "has been left unattended on any way or the right-of-way thereof for a period of greater than 24 hours." However, this 24-hour period does not apply when a vehicle is towed pursuant to RSA 262:32, III. Under RSA 262:32, III, regardless of the length of time for which a vehicle has been left unattended, an officer may have it towed if the vehicle "is obstructing any way or the access thereto, or access to a public building, or is or will be a menace to traffic if allowed to remain, or is obstructing snow removal or highway maintenance operations."

To the extent that the plaintiff raises constitutional arguments, we decline to review them because he has not provided a record demonstrating that he raised these arguments in the trial court, see Bean, 151 N.H. at 250, and because he has not developed them sufficiently for our review. "Judicial review is not warranted for complaints regarding adverse rulings without

2

developed legal argument, and neither passing reference to constitutional claims nor off-hand invocations of constitutional rights without support by legal argument or authority warrants extended consideration." <u>Appeal of Omega Entm't</u>, 156 N.H. 282, 287 (2007). Having concluded that the trial court did not err by ruling in favor of the defendants, we need not address the parties' arguments regarding the plaintiff's failure to timely exhaust his administrative remedies.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**