# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0404, <u>Debbie Orloff v. Jennifer Saunders</u>, the court on March 11, 2020, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  The plaintiff, Debbie Orloff, appeals an order of the Superior Court (<u>Wageling</u>, J.) denying her request that the court vacate the decision of the New Hampshire Department of Labor (DOL) issued in favor of the defendant, Jennifer Saunders, on the defendant's claim for lost wages.  We affirm.

Under RSA 275:51, V (2010), "[a]ny party aggrieved by [a DOL wage claim] decision may appeal to the superior court . . . by petition, setting forth that the decision is erroneous, in whole or in part, and specifying the grounds upon which the decision is claimed to be in error."  "The scope of review by the superior court shall be limited to questions of law."  RSA 275:51, V.  In the trial court, the sufficiency of the evidence supporting the DOL's factual findings is a question of law.  <u>Demers Agency v. Widney</u>, 155 N.H. 658, 661 (2007).  "After hearing and upon consideration of the record, the [superior] court may affirm, vacate or modify in whole or in part the decision of the commissioner, or may remand the matter to the commissioner for further findings."  RSA 275:51, V.  We, in turn, review the trial court's decisions on questions of law <u>de</u> <u>novo</u>.  <u>Ichiban Japanese Steakhouse v. Rocheleau</u>, 167 N.H. 138, 140 (2014).

On appeal, the plaintiff first argues that service of the DOL proceedings was improper.  The record on appeal supports the finding that the notices related to the DOL proceeding were sent to a post office box in North Conway that the plaintiff owns and that is associated with the Starlight Lodge North Conway, the hotel where the defendant worked.  The record on appeal also supports the finding that the plaintiff received the notice of wage claim, the notice of hearing, and the hearing officer's decision at the North Conway post office box.

The plaintiff asserts that service was unlawful because the defendant "made no effort to serve [her] personally or at her Exeter abode in accord with New Hampshire's general service statute."  <u>See</u> RSA 510:2 (2010).  However, the general service statute does not govern wage claim proceedings.  Rather, service in such proceedings is governed by RSA 275:51, V (2010).

RSA 510:2 provides that "[a]ll writs and other processes shall be served by giving the defendant or leaving at his abode an attested copy thereof, <u>except in cases otherwise provided for</u>." (Emphasis added.)  RSA 275:51, V provides,

in pertinent part, that "[s]ervice may be by certified mail with return receipt." Thus, because RSA 275:51, V provides the means by which service of wage claim proceedings may be effected, RSA 275:51, V governs service in such proceedings, not RSA 510:2. Under RSA 275:51, V, service need not be by personal or abode service, but "may be by certified mail with return receipt."

To the extent that the plaintiff asserts that there was insufficient evidence to support a finding that the DOL complied with RSA 275:51, V, we disagree. A December 27, 2018 letter from the DOL to the plaintiff states that "[a]ll mail from [the DOL] is sent 'Return Service Requested'." This letter is sufficient support for the finding that the DOL complied with RSA 275:51, V. Although the plaintiff argues that "Return Service Requested," as stated in the DOL letter, is different from "certified mail with return receipt," as required by RSA 275:51, V, she has failed to demonstrate that she raised this argument in the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Accordingly, we decline to review it. See id.

It is a long-standing rule that parties may not have judicial review of matters that were not properly raised in the trial court. Thompson v. D'Errico, 163 N.H. 20, 22 (2011). It is the burden of the appealing party, here the plaintiff, to provide this court with a record demonstrating that she raised her issues before the trial court. See Bean, 151 N.H. 248 at 250. Because the plaintiff has failed to demonstrate that she raised her argument regarding the alleged difference between "Return Service Requested" and "certified mail with return receipt" in the trial court, we decline to address it.

To the extent that the plaintiff contends that "[b]y mailing [notices] only to [the plaintiff's] PO box, [the defendant] - and then the DoL - did not provide lawful notice, thus robbing [the plaintiff] of her due process right to appear and contest the allegations," we consider her argument insufficiently developed for our review. See Sabinson v. Trustees of Dartmouth College, 160 N.H. 452, 459 (2010); Keenan v. Fearon, 130 N.H. 494, 499 (1988) ("off-hand invocations" of constitutional rights supported by neither argument nor authority warrant no extended consideration). The plaintiff has failed to explain how mailing notices, by certified mail, return receipt requested, to a post office box that she owns deprived her of her due process rights to notice and an opportunity to be heard.

The plaintiff next argues that the DOL violated RSA 275:51, V because it did not notify her of a "second" hearing. The record submitted on appeal does not support the premise of her argument, that the DOL convened a "second" hearing. Rather, the transcript of the hearing before the DOL establishes that the hearing held at 9:24 a.m. on November 29, 2018, was not a "second" hearing, but rather was the re-convening of the hearing originally noticed for 8:30 a.m.

2

The transcript establishes that the defendant appeared for the hearing at 8:53 a.m., apparently because of a traffic accident on the highway. The hearing officer went forward with the hearing at 9:24 a.m., stating:

> We closed the case out to say that no one showed up, but you arrived shortly thereafter. There was an accident, certainly understandable. The employer did not appear. They've had the same opportunity as you had to appear as of right now. So we will move forward. We will undo that. We will administratively move forward with the case. Not a problem.
>
> If for some reason they were stuck in an accident or they were in that accident, we would have to come back here and do this again because they would not have the opportunity to be here. But barring that, we received no phone calls from anyone to say that there was other difficulty.

Based upon this record, the hearing that took place on November 29, 2018, at 9:24 a.m. was not a "second" hearing, but rather was a re-convening of the first noticed hearing.

<u>Affirmed.</u>

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3