# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0075, In the Matter of Matthew Kostiew and Alejandra Flores, the court on February 10, 2022, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, Matthew Kostiew (father), appeals an order of the Circuit Court (LeFrancois, J.) granting the petition of the respondent, Alejandra Flores (mother), to modify the parties' parenting plan and uniform support order. We affirm.

The parties are the parents of one son. In December 2016, the circuit court approved their stipulated final parenting plan and uniform support order. Under the terms of the parenting plan, the child primarily resided with the father, and neither parent was obligated to pay child support. In October 2018, the mother filed a petition, which in relevant part, sought to modify the parenting plan pursuant to RSA 461-A:11(b) and to modify the child support order. See RSA 461-A:11(b) (2018). The trial court granted the mother's requests, ordering an approximately equal parenting schedule and that the father pay child support to the mother. This appeal followed.

On appeal, the father contends that the trial court erred in granting the mother's request to modify the parenting plan because the court "applied a standard that is not contained in RSA 461-A:11." The father, however, has not provided a record demonstrating that he made this argument in the trial court. It is a long-standing rule that a party may not have judicial review of issues the party did not raise in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). It is the father's burden, as the appealing party, to demonstrate that he specifically raised the arguments articulated in his brief before the trial court. Thompson v. D'Errico, 163 N.H. 20, 22 (2011). To satisfy this preservation requirement, issues that could not have been presented to the trial court before its decision must be presented to it in a motion for reconsideration. See N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). Because the father has failed to demonstrate that he ever argued in the trial court that the court applied the incorrect standard in granting the mother's request to modify the parties' parenting plan, we decline to address the merits of that argument on appeal.

At oral argument, the father conceded that, "if this court affirms the lower court's ruling on the change in the parenting schedule, then a

modification of child support is warranted." Thus, the father's only remaining argument is that the trial court erred by failing to consider special circumstances that support a deviation from the child support guidelines.

The father contends that the presence of three children in his household is a special circumstance that warrants deviation from the child support guidelines. See RSA 458-C:5, I(c) (2018). The father, however, has not provided a record demonstrating that he argued that the presence of three children in his household warranted a deviation from the child support guidelines. Accordingly, we decline to address the merits of that argument on appeal. Thompson, 163 N.H. at 22.

The father also contends that the approximately equal parenting time established by the newly modified parenting plan is another special circumstance that warrants deviation from the child support guidelines. See RSA 458-C:5, I(h) (2018). "Equal or approximately equal parenting residential responsibilities in and of itself . . . shall not by itself constitute ground for an adjustment." RSA 458-C:5, I(h)(1). The statute lists several factors that the court may consider in determining whether the parenting schedule constitutes a special circumstance that warrants deviation from the child support guidelines. See RSA 458-C:5, I(h)(2) (Supp. 2021). The record is devoid of any evidence that any of these factors apply in this case. Thus, we conclude that the trial court did not err in declining to deviate from the child support guidelines.

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2